**ADAMS GUTIERREZ & LATTIBOUDERE, LLC**
The Legal Center
1037 Raymond Boulevard, Suite 900
Newark, New Jersey 07102
(973) 735-2742
Attorneys for Defendants Trenton Board of Education,
Frederick H, McDowell Jr., and Lissa Johnson

**ELECTRONICALLY FILED**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALEXANDER NICOLAS,<br><br>                    Plaintiff,<br><br>v.<br><br>TRENTON BOARD OF EDUCATION et al.,<br><br>                    Defendants. | REMOVAL FROM SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>DOCKET NO. MER-L-1718-18<br><br>Civil Action<br><br>**NOTICE OF REMOVAL**<br>**PURSUANT TO U.S.C. § 1441** |

**TO:**   THE HONORABLE JUDGES OF THE
         UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW JERSEY, NEWARK

**ON NOTICE TO:**

     c/o Civil Division Clerk's Office
     Mercer County Courthouse
     175 South Broad Street
     P.O. Box 8068
     Trenton, NJ 08650-0068

     Alexander Nicolas
     912 Parker Street
     Langhorne, PA 19047
     *Pro Se Plaintiff*

**PLEASE TAKE NOTICE** that in support of this Notice of Removal, Defendants

Trenton Board of Education (the "Board"), Frederick H, McDowell Jr., and Lissa Johnson

(collectively, "Defendants"), by and through their attorneys, Adams, Gutierrez & Lattiboudere, LLC, respectfully say:

1. I hereby certify to the best of my knowledge, information and belief after reasonable inquiry, pursuant to L. Civ. R. 11.2, that the within matter is not the subject of any other pending action, arbitration, or administrative proceeding.

2. Plaintiff initiated the above-captioned action with co-Plaintiff Vashti Nicolas on August 3, 2018 by filing with the Superior Court of New Jersey, Mercer County, Law Division a Complaint and Jury Demand, a true and accurate copy of which is attached hereto with corresponding Summons as Exhibit "A."

3. On September 20, 2018, Defendants filed a motion to extend the time to answer, move, or otherwise respond to the Complaint, which the State Court granted by Order dated October 12, 2018. Attached hereto as Exhibit "B" is a true and accurate copy of the October 12, 2018 Order.

4. On November 15, 2018, Defendants filed a motion to dismiss co-Plaintiff Vashti Nicolas for failure to state a claim upon which relief can be granted pursuant to R. 4:6-2(e). The State Court granted Defendants' motion by Order dated February 27, 2019, a true and accurate copy of which is attached hereto as Exhibit "C."

5. Plaintiff filed a motion for leave to file an amended and supplemental complaint on November 28, 2018 and April 2, 2019, respectively. The State Court entered an Order on April 11, 2019 denying Plaintiff's request to meet and confer regarding his motion and subsequently granted Plaintiff leave to file an amended complaint by Order dated May 6, 2019, true and accurate copies of which are attached hereto as Exhibits "D" and "E."

6.      Plaintiff filed an Amended and Supplemental Complaint on May 6, 2019, which was served on Defendants on May 9, 2019.  A true and accurate copy of the Amended and Supplemental Complaint is attached hereto as Exhibit "F."  This is the last known filing in the State Court action, where this matter is now pending.

7.      In the Sixth Count of the Amended and Supplemental Complaint, Plaintiff asserts a putative claim for breach of contract.  Plaintiff alleges the Board breached its obligations to him as set forth in a Settlement Agreement ("Agreement") the parties previously reached on February 22, 2016 to settle a discrimination lawsuit he filed in the New Jersey State Superior Court in 2011 under Docket No. MER-L-2947-11.  Exh. F, Sixth Count, ¶74.

8.      Plaintiff claims the Board breached the Agreement when it retaliated against him by failing to promote after Plaintiff provided informative in connection with an investigation into allegations of discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e.  Exh. F, Sixth Count, ¶¶77, 78.

9.      Although it is identified as a "breach of contract" claim, in the Sixth Count of the Amended and Supplemental Complaint Plaintiff claims he is entitled to damages resulting from Defendants' alleged violations of his civil rights under Title VII and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq.  Exh. D, Sixth Count, ¶79.

10.      In light of the foregoing, it is clear Plaintiff asserts violations of the laws of the United States, namely, violations of his civil rights under Title VII.  The United States District Court therefore has original subject matter jurisdiction over the Complaint pursuant to the provisions of 28 U.S.C. §1331, and the Complaint is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a).

11. This Court has supplemental jurisdiction over the remaining, substantially related claims contained in the Complaint pursuant to 28 U.S.C. §1367(a). *See* Exh. F.

12. The Amended and Supplemental Complaint is the "initial pleading" setting forth a claim under Title VII. 28 U.S.C. §1446(b)(1). The original Complaint filed in State Court on August 3, 2018 did not assert a Title VII claim. *See* Exhs. A, F. Thirty (30) days have not elapsed since the service of process of the Amended and Supplemental Complaint to Defendants, and therefore this Notice of Removal is filed within the time provided for removal of this action by 28 U.S.C. §1446(b) and under the Federal Rules of Civil Procedure.

13. By filing this Notice, Defendants do not waive any defenses that may be available to them, specifically including, but not limited to, improper service of process, failure to state a claim for which relief may be granted, expiration of the statute of limitations, and/or the failure to exhaust administrative remedies.

**WHEREFORE**, Defendants respectfully request this action proceed in the United States District Court for the District of New Jersey in the City of Newark, as an action originally commenced therein.

Respectfully submitted,
**ADAMS GUTIERREZ & LATTIBOUDERE, LLC**
Attorneys for Defendants Trenton Board of Education,
Frederick H, McDowell Jr., and Lissa Johnson


By: */s/ Perry L. Lattiboudere*
PERRY L. LATTIBOUDERE, ESQ.


DATED: May 29, 2019

# EXHIBIT A

ALEXANDER NICOLAS
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: alexandern169@gmail.com
Pro-Se Process

ALEXANDER NICOLAS,                    :
VASHTI NICOLAS                        :
                                      :        CIVIL ACTION
Plaintiff,                            :
                                      :
v.                        :           SUPERIOR COURT OF
                                      :           NEW JERSEY, LAW DIVISION
TRENTON BOARD OF EDUCATION;    :           MERCER COUNTY
FREDRICK H. MCDOWELL JR
 in his individual and official capacity;           :
LISSA JOHNSON in her individual                     :
her individual and official capacity;   :           NO. _____.
in her individual and official capacity;   :
DEFENDANTS JOHN DOE [1 – 10],    :           COMPLAINT AND
employees of Trenton Board of Education   :           JURY DEMAND
                                      :
     Defendants.                      :
                                      :

Plaintiff Dr. Alexander Nicolas ("Plaintiff") on behalf of himself and his wife Vashti

Nicolas, by and through The Pro-Se process, for the Complaint against Defendants Trenton

Board of Education, Fredrick H. McDowell Jr,  and Lisa Johnson, and John Does 1-10, in the

above captioned matter, states as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to the New Jersey Law Against Discrimination ("NJLAD"), codified at N.J.S.A. 10.5-1, *et seq.*, against Defendants, Trenton Board of Education, Fredrick H. McDowell Jr,  and Lissa Johnson, seeking legal relief for ethnic/racial discrimination, retaliatory/discriminatory, failure to promote/discriminatory, and practice and procedure/discriminatory  in the hiring practices of Defendants.

## VENUE

1.   Venue is proper in Mercer County pursuant to R. 4:3-2(a) because the Trenton Board of Education is located in Mercer County and the events giving rise to the claims in this complaint occurred in Mercer County.

## PARTIES

2.   Plaintiff Dr. Alexander Nicolas is an adult male citizen of the United States of America residing at 912 Parker St., Langhorne, PA 19047. Plaintiff is a Spanish teacher in the Trenton School District. Plaintiff is of Panamanian national origin. Plaintiff was an employee of the Trenton Board of Education at all times relevant to this action.

3.   Defendant Trenton Board of Education is a department of the City of Trenton and operates the schools of the Trenton School District in the City of Trenton, Mercer County, New Jersey. Its administrative offices are located at 108 North Clinton Ave., Trenton, NJ 08609. The Trenton Board of Education was the employer of Plaintiff at all times relevant to this action.

4. Defendant Fredrick H. McDowell Jr., is the Superintendent of Schools for the Trenton Board of Education for the Trenton Board of Education. Dr. McDowell office is located at 108 North Clinton Ave., Trenton, NJ 08609.

5. Defendant Lissa Johnson was the Assistant Superintendent of Schools Human Resources for the Trenton Board of Education. Mrs. Johnson office was located at 108 North Clinton Ave., Trenton, NJ 08609 at the time of relevant action.

6. Defendants John Doe 1-10 are members of the Trenton Board of Education and work in the City of Trenton, Mercer County, New Jersey, whom on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff. "John Doe" is a pseudonym for each of the members of the Trenton Board of Education whose names are currently unknown to the Plaintiff.

## GENERAL ALLEGATIONS

7. Plaintiff is a Hispanic immigrant from Panama City, Republic of Panama

8. Plaintiff is a naturalized citizen of the United states of America

9 . Plaintiff has achieved a Bachelor of Science degree, a Doctor of Philosophy degree, and a Master of Education degree.

10. Plaintiff holds certificates from the State of New Jersey to serve in the public schools of New Jersey as a Principal, School Administrator, and Supervisor. In addition, Plaintiff also holds certificates as a Principal for the State of Florida and Pennsylvania.

11. The Trenton School District consists of twenty-two (22) schools and forty (40) principal or vice-principal positions.

12. In the Trenton School District there are two (2) Hispanic Assistant Superintendent, three (3) or less Hispanic Principals, and three (3) or less Hispanic Vice-Principals.

13.    Plaintiff has been an employee of the Trenton School District for twenty three (23) years. four (4) years as a long-term substitute teacher, sixteen (16) years as a teacher, and three (3) years as a  teacher-leader.

14.    Throughout his employment the Plaintiff's performance was satisfactory

15.    Defendant Trenton Board of Education requires that applicants to open school administration positions include but are not limited to:

a.    a Masters degree in education

b.    a certificate from the State of New Jersey to be a School Administrator, Principal, and Supervisor. In addition, Plaintiff has to out of state principal certificates from Florida and Pennsylvania.

c.    teaching experience

d.    be interviewed

16.    Plaintiff is qualified for open administrative positions within the Trenton School District and has an extensive list of recommendations.

18.    Plaintiff applied for open administrative positions in 2011, 2012, 2013, 2014, 2015, 2016, and 2017 as follows:

a.    In 2017 Plaintiff applied for five (5) open administrative positions

b.    In 2016 Plaintiff applied for one (1) open administrative positions

c.    In 2015 Plaintiff applied for five (5) open administrative positions

d.    In 2014 Plaintiff applied for four (4) open administrative positions

f.    In 2013 Plaintiff applied for nine (9) open administrative positions

e.    In 2012 Plaintiff applied for nine (9) open administrative positions

g.    In 2011 Plaintiff applied for four (4) open administrative positions

20.     Defendant hired persons outside Plaintiff's protected class to fill the open positions.

21.     Defendant hired persons less qualified than Plaintiff to fill the open positions. These persons lack of qualifications included, but was not limited to:

a.     Failure to possess certificates from the State of New Jersey to serve as Principals, Supervisors or School Administrators.

b.     Lack of previous teaching or administrative experience

22.     Defendant hired persons without interviews, in violation of their stated hiring practices. While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for due to court legal battle. Plaintiff informed The Trenton Board of Education Assistant Superintendent of Human Resources Mrs. Lissa Johnson of the current legal matters but defendant never took the time to meet with Plaintiff after reaching out to her in writing.

## FACTUAL BACKGROUND

23.     In 2007, Plaintiff was sent as a Teacher Leader to run or operate as a school principal Daylight/Twilight 2006. Plaintiff was out of work for one year (2007-2008) due to work stress. As a result, Plaintiff filed complaint no. 530-2008-04019 with the Equal Employment Opportunity Commission in 2008, filing a complaint with the NJ Federal Court in 2010, and transferred filing NJ State Superior Court in 2011. Since filing all the appropriate paperwork the Discrimination continue to be intentionally and unlawful. In 2006, Plaintiff was sent as a Teacher/Leader to run the Daylight/Twilight YouthBuild campus.

24.     The Daylight/Twilight program is located at Tucker St., Trenton, NJ 08618.

25. The position of Teacher/Leader is powerless as it could not make administrative decisions to restructure and run the school operation, or administrative decisions on staff placement.

26. Plaintiff repeatedly attempted to contact administration within the Trenton School District concerning issues presented at Daylight/Twilight concerning capabilities, resources and need for additional workers.

27. These issues included, but was not limited to:

a. Poor working conditions, teacher facilities, and teacher schedules

b. Constant physical and non-physical confrontations between Daylight/Twilight staff and students

c. Required write-ups about conferences attended outside Plaintiff's job description

d. Security of the school campus from unlawful entering of persons

e. Daylight/Twilight staff regarding report cards

f. Fire in the school due to lack of personnel

g. Students collapsing due to lack of nurse

28. These attempts included, but was not limited to:

a. Letters to prior administrators of the Trenton Board of Education, Superintendent, Assistant Superintendent, and Assistant Director of Human Resource, addressing issues he was facing at Daylight/Twilight in 2008. Subsequently, filing a complaint with the Equal Employment Opportunity Commission in 2008 charge no. 530-2008-04019 in 2008.

b. Letters to the school board asking them to investigate the issues

29. Plaintiff's attempts to contact the administration were repeatedly ignored and/or not taken seriously.

30. Due to lack of response of the Trenton Board of Education, Plaintiff was required to take on several jobs, such as school security, guidance counselor, nurse, medical personnel, attendance officer, disciplinarian, secretary, social worker, substitute teacher, and principal without increase in pay or decision making authority.

31. Subsequently in the 2008-2009 school year, the Trenton Board of Education eliminated the position of Teacher/Leader at Daylight/Twilight.

32. As a result of Defendants actions, and/or lack of action, concerning the Daylight/Twilight program, Plaintiff developed physical, mental, and psychological issues which caused him to be hospitalized

33. As a result of Defendants actions, and/or lack of action, concerning the Daylight/Twilight program and Plaintiffs concerns, Plaintiff was forced take a sick leave in the 2008-2009 school year.

34. Subsequently, the Trenton Board of Education cancelled Plaintiffs medical insurance.

35. As a result, Plaintiff filed complaint no. 530-2008-04019 with the Equal Employment Opportunity Commission in 2008.

36. While applying for positions in 2010, Plaintiff informed the prior administrators and prior and current School Board Members of concerns that the administration has no intention to consider him for open administrative positions he is qualified for.

37. On February 22, 2016, there was an agreement between the Trenton Board of Education between the prior administration and the Plaintiff in a "amicably resolved" in good faith by the recommendation of Plaintiff prior attorney. Plaintiff prior attorney recommended to sign agreement under the pretence that the new administration of the Trenton Board of Education will consider Plaintiff for upcoming administrative positions.  The current matter was

settled at the State Court level. Since this agreement nothing has change and retaliation continues.

38.    Plaintiff, has made several attempts included, but was not limited to:

    a.    Letters to The Trenton Board of Education, Superintendent Dr. Frederic H. McDaniel who is the New Superintendent of School and took office in during the 2017-2018 school year, Assistant Superintendent Mrs. Lissa Johnson Assistant Superintendent of Human Resources who was in office for four (4) years, and other administrators as well as prior and current school board members, addressing issues the Plaintiff face at Daylight/Twilight and the Department of Human Resources for several years 2011-2018.

    b.    Letters to the school board asking them to investigate the issues with the hiring and interview process and job promotion  as well as the prior and current retaliation that Plaintiff experience at the workplace. Plaintiff was ignored and never got a verbal or written response from any representative of the Trenton Board of Education.

39.    Plaintiff, made several  attempts but not limited to contact the members of the new and prior administration as well as the school board, and all written and verbal request was repeatedly ignored and/or not taken seriously  letters (9/2/16), (8/11/17), (9/1/17), (9/7/17), (2/2/17), and (6/22/17).

40.    While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for due to current and prior court litigation. Plaintiff informed The Trenton Board of Education Assistant Superintendent of Human Resources Mrs. Lissa Johnson of the current

*41.*    Subsequently, the Trenton Board of Education continued to retaliate against Plaintiff.  As a result, of all the unfair practice in the past and current, the Plaintiff filed a new complaint no. 530-2017-03784  with the Equal Employment Opportunity Commission in September of 2017.

## COUNT I
### RACIAL/NATIONAL ORIGIN DISCRIMINATION UNDER NJLAD

42.    Plaintiff hereby repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43.    By and through their course of conduct as alleged herein, Defendants discriminated against Plaintiff by failing or refusing to hire him for open school administration positions throughout the district, he is otherwise qualified for, on the basis of his race and/or national origin in violation of NJLAD.

44.    Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

45.     Defendants' actions resulted in Plaintiff being subject to disparate treatment based on his race and/or national origin. Defendant refused to hire Plaintiff because he is Hispanic and/or because his is of Panamanian national origin.

46.    Any other reason given is pretext.

47.    Even if the reasons given is pretext or properly considered, the actions are still challengeable under NJLAD for the reasons set forth above, and the defendants is still answerable in punitive damages for the reasons set forth above.

48.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

49.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

WHEREFORE, the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable.

## COUNT II
### RETALIATION IN VIOLATION OF NJLAD – FAILURE TO PROMOTE/HIRE

50.     Plaintiff hereby repeats and realleges paragraphs 1 through 49 as though fully set forth herein.

51.     By and through their course of conduct as alleged herein, Defendants retaliated against Plaintiff for using the administrative process to voice his concerns over the Daylight/Twilight program and for filing a complaint with the EEOC, in violation of NJLAD. While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for due to prior of after court litigation.

52.     Defendants refused to promote/hire Plaintiff as a result of using the administrative process to voice his concerns over the Daylight/Twilight program.

53.     Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

54.     Any other reason given is pretext.

55.     Even if the reasons given is pretext or properly considered, the actions are still challengeable under NJLAD for the reasons set forth above, and the defendants is still answerable in punitive damages for the reasons set forth above.

56.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

57.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

WHEREFORE, the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable.

## COUNT III
### AIDING AND ABETTING DISCRIMINATION BASED ON RETALIATION FOR THE FAILURE TO HIRE/PROMOTE
(As to Defendants Fredrick H. McDowell Jf,  and Lissa Johnson)

58.     Plaintiff hereby repeats and realleges paragraphs 1 through 57 as though fully set forth herein.

59.     The foregoing facts and circumstances demonstrate that defendants Fredrick H. McDowell Jf,  and Lissa Johnson aided and abetted Defendant Trenton Board of Education's retaliation against Plaintiff on the basis of Plaintiff's status as complainer regarding deficiencies, in violation of the NJLAD.

60.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

61.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

WHEREFORE, the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable.

## COUNT IV
### RETALIATION IN VIOLATION OF NJLAD – PROMOTION DENIAL

62.    Plaintiff hereby repeats and realleges paragraphs 1 through 61 as though fully set forth herein.

63.    By and through their course of conduct as alleged herein, Defendants retaliated against Plaintiff for using the administrative process to voice his concerns over the Daylight/Twilight program and for filing a complaint with the EEOC in violation of NJLAD.

64.    While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for due to court legal battle. Plaintiff informed The Trenton Board of Education Assistant Superintendent of Human Resources Mrs. Lissa Johnson of the current legal matters but defendant never took the time to meet with Plaintiff after reaching out to her in writing.

65.    Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

66.     Any other reason given is pretext.

67.     Even if the reasons given is pretext or properly considered, the actions are still challengeable under NJLAD for the reasons set forth above, and the defendants is still answerable in punitive damages for the reasons set forth above.

68.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

69.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

WHEREFORE, the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable.


## COUNT V
### AIDING AND ABETTING DISCRIMINATION BASED ON RETALIATION FOR PROMOTION BY NOT USING  INTERVIEWING DETERMINATIVE FACTOR/ PRACTICE AND PROCEDURE

(As to Defendants As to Defendants Fredrick H. McDowell Jf,  and Lissa Johnson)

70.     Plaintiff hereby repeats and realleges paragraphs 1 through 69 as though fully set forth herein.

71.     The foregoing facts and circumstances demonstrate that defendants as to Defendants Fredrick H. McDowell Jf,  and Lissa Johnson aided and abetted Defendant Trenton Board of Education's retaliation against Plaintiff on the basis of Plaintiff' status as complainer regarding deficiencies, in violation of the NJLAD. The current and prior administrative leadership have

establish a pattern of retaliation against the Plaintiff filing a complaint with the EEOC, in violation of NJLAD in 2008 and 2017. While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for.

72.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

73.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

WHEREFORE, the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable.

Respectfully Submitted,

BY:

DR. ALEXANDER NICOLAS
*Pro-Se Process*
Alexander Nicolas
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
*Email: alexandern169@gmail.com*

Dated: August 3, 2018

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to Rules 1:8-2(b) and 4:35-1(a).

Respectfully Submitted,

BY:

DR. ALEXANDER NICOLAS
*Pro-Se Process*

Alexander Nicolas
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: alexandern169@gmail.com

Dated: August 3, 2018

## DESIGNATION OF TRIAL COUNSEL

Dr. Alexander Nicolas, Pro-Se Process, is hereby designated as trial counsel in this matter, pursuant to Rule 1:5-1(a).

Respectfully Submitted,

BY:

DR. ALEXANDER NICOLAS
*Pro-Se Process*

Alexander Nicolas

912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: alexandern169@gmail.com

Dated: August 3, 2018

## CERTIFICATION

I hereby certify, pursuant to Rule 1:5-1(a), that I am  Dr. Alexander Nicolas ("Plaintiff") on behalf

of myself, by and through The Pro-Se process in the State of New Jersey and that to the best of

my knowledge, this matter is not the subject of any other action pending in any court or of a

pending arbitration proceeding, and that no other action or arbitration proceeding is

contemplated at this time.

In addition, the undersigned recognizes the continuing obligation to file and serve on all parties

and the court an amended complaint if there is a change in the facts stated in the original

certification.

BY:

DR. ALEXANDER NICOLAS
*Pro-Se Process*

Alexander Nicolas
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: alexandern169@gmail.com

Dated: August 3, 2018

**Appendix XII-B1**

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐CK ☐CG ☐CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| 1. ATTORNEY / PRO SE NAME DR. Alexander Nicolas | 2. TELEPHONE NUMBER 267-981-6276 | 3. COUNTY OF VENUE Mercer County |
|---|---|---|
| 4. FIRM NAME (if applicable) | | 5. DOCKET NUMBER (when available) |
| 6. OFFICE ADDRESS 912 parker st, Langhorne, PA 19047 | | 7. DOCUMENT TYPE Complaint |
| | | 8. JURY DEMAND ☑ YES ☐ No |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) Alexander Nicolas | 10. CAPTION |
|---|---|

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. HURRICANE SANDY RELATED? ☐ YES ☑ NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☐ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| 14. RELATED CASES PENDING? ☐ YES ☑ No | | 15. IF YES, LIST DOCKET NUMBERS |
| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☐ No | | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☑ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No |
|---|

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☑ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| 22. WILL AN INTERPRETER BE NEEDED? ☐ YES ☑ NO | IF YES, FOR WHAT LANGUAGE? |

**23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

24. ATTORNEY SIGNATURE:

Effective 10/01/2016, CN 10517_ps

page 4 of 5

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

# EXHIBIT B

-1-

ADAMS GUTIERREZ & LATTIBOUDERE, LLC
By: William J. Volonte, Esq. (ID No. 019041982)
1037 Raymond Boulevard, Suite 900
Newark, New Jersey     07102
Tel. (973) 735-2742
Counsel for the Defendants, TRENTON BOARD
OF EDUCATION, FREDERICK H. McDOWELL, JR.,
AND LISSA JOHNSON

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MERCER COUNTY
Docket No.: MER-L-1718-18

-------------------------------------------------X

ALEXANDER NICOLAS and
VASHTI NICOLAS,

     Plaintiffs,

-vs.-

TRENTON BOARD OF EDUCATION,
FREDERICK H. McDOWELL, JR.,
in his individual and official capacity;
LISSA JOHNSON, in her individual
and official capacity, and
DEFENDANTS JOHN DOE [1 - 10],
employees of the TRENTON BOARD
OF EDUCATION,

     Defendants.

-------------------------------------------------X

Civil Action

**ORDER ENLARGING THE TIME
DEFENDANTS HAVE TO ANSWER,
FURTHER MOVE BEFORE THE
<u>COURT, OR OTHERWISE PLEAD</u>**

THIS MATTER, having been brought before the Court by the law firm of Adams

Gutierrez & Lattiboudere, LLC (William J. Volonte, Esq., appearing), attorneys for the

Defendants, TRENTON BOARD OF EDUCATION, FREDERICK H. McDOWELL,

-2-

JR., and LISSA JOHNSON, and the Court, having considered the argument of counsel,

and good cause having been demonstrated:

IT IS ON THIS        12th        DAY OF     October,        2018:

ORDERED, that the time that the Defendants, TRENTON BOARD OF

EDUCATION, FREDERICK H. McDOWELL, JR., and LISSA JOHNSON, have to file

an Answer to the Complaint, file another motion, or to otherwise plead, is hereby

enlarged, and extended to, **November 19, 2018**; and it is further

ORDERED, that a true copy of this Order shall be served within seven (7) days of

the date of receipt by the moving party, by depositing a true copy of the Order with the

United States Postal Service, with first class mail postage, in an envelope, addressed to:

Alexander Nicolas                                    Vashti Nicolas
912 Parker Street              -and-                 912 Parker Street
Langhorne, PA     19047                              Langhorne, PA     19047

/s/ *Janetta D. Marbrey, JSC*
Janetta D. Marbrey, JSC

J.S.C.

OPPOSED        [   ]

UNOPPOSED     [ x ]

Having reviewed the above motion, I find it to be meritorious
on its face and is unopposed, Plaintiff having sent letter advising motion is unopposed.
Pursuant to R. 1:6-2, it therefore will be granted essentially for the reasons set forth in the moving papers.

# EXHIBIT C

-1-

ADAMS GUTIERREZ & LATTIBOUDERE, LLC
By: William J. Volonte, Esq. (ID No. 019041982)
1037 Raymond Boulevard, Suite 900
Newark, NJ      07102
Tel. (973) 735-2742
Counsel for the Defendants, TRENTON BOARD
OF EDUCATION, FREDERICK H. McDOWELL, JR.,
AND LISSA JOHNSON

------------------------------------------------------X

|  |  |
|---|---|
|  | SUPERIOR COURT OF<br>NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br>Docket No.: MER-L-1718-18 |
|  | Civil Action |
| ALEXANDER NICOLAS and<br>VASHTI NICOLAS,<br><br>Plaintiffs,<br><br>-vs.-<br><br>TRENTON BOARD OF EDUCATION,<br>FREDERICK H. McDOWELL, JR.,<br>in his individual and official capacity;<br>LISSA JOHNSON, in her individual<br>and official capacity, and<br>DEFENDANTS JOHN DOE [1 - 10],<br>employees of the TRENTON BOARD<br>OF EDUCATION,<br><br>Defendants. | **ORDER GRANTING<br>TO DISMISS VASHTI NICHOLAS<br>AS A PLAINTIFF** |

-------------------------------------------------X

THIS MATTER, having been brought before the Court by the law firm of Adams

Gutierrez & Lattiboudere, LLC, (William J. Volonte, Esq., appearing), counsel for the

-2-

Defendants, TRENTON BOARD OF EDUCATION, FREDERICK H. McDOWELL,

JR., by way of a motion to dismiss VASHTI NICOLAS as a plaintiff, for failure to state a

claim upon which relief can be granted, pursuant to Rule 4:6-2(e) of the Rules Governing

the Courts of the State of New Jersey, and on other grounds, and the Court, having

considered the argument of counsel and the parties, and for good cause shown:

IT IS ON THIS _____ DAY OF _____ 2019:

ORDERED, that VASHTI NICOLAS is hereby dismissed as a Plaintiff in the

within action, with prejudice; and it is further

ORDERED, that a true copy of this Order shall be served by counsel for the

moving party upon Alexander Nicolas and Vashti Nicolas, within seven (7) days of the

date of receipt.

_____
HON. JANETTA D. MARBREY, J.S.C.

[   ]   Opposed

[ X ]   Unopposed

STATEMENT OF REASONS

Oral argument was not requested by either party and the Court will decide this matter on the papers submitted. In Plaintiff's motion to amend his complaint it was requested that Plaintiff Vasti Nicolas be dismissed from this matter. Further as Defendant argues Per Quod claims are not permitted in a LAD action, pursuant to NJSA 10:5-1, et seq.

# EXHIBIT D

ALEXANDER NICOLAS
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: info.arrecords@gmail.com
Pro-Se Process

|  |  |  |
|---|---|---|
| ALEXANDER NICOLAS,<br>VASHTI NICOLAS | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | SUPERIOR COURT OF<br>NEW JERSEY, LAW DIVISION<br>MERCER COUNTY |
| | : | |
| TRENTON BOARD OF EDUCATION;<br>FREDRICK H. MCDOWELL JR<br>in his individual and official capacity;<br>LISSA JOHNSON in her individual<br>her individual and official capacity;<br>in her individual and official capacity;<br>DEFENDANTS JOHN DOE [1 – 10],<br>employees of Trenton Board of Education | :<br>:<br>:<br>:<br>:<br>:<br>: | NO. L1718-18<br><br>ORDER GRANTING<br>MEET AND CONFER<br>CURE AND AMEND COMPLAINT |
| Defendants. | : | |
| | : | |

**THIS MATTER,** having been brought before the Court by Alexander

Nicolas ("Plaintiff") in above current legal matter, by and through The Pro-Se

process, for the Complaint against Defendants Trenton Board of Education,

Fredrick H. McDowell Jr,  and Lisa Johnson, and John Does 1-10, in the above

-2-

captioned matter,  own behalf, by way of motion to a meet and confer with

opposing attorney and  to cure or amend Complaint. This petition to meet and

confer can be honored in person or by telephone with the party of **THE LAW**

**OFFICE OF GUTIERREZ & LATTIBOUDERE, LLC** who is the law firm

with attorney William J. Volonte, Esq  who is the acting  or preceding counsel for·

the Complaint against **Defendants Trenton Board of Education, Frederick H.**

**McDowell Jr,  and Lisa Johnson**, having considered my argument of the

("Plaintiff") in above current legal matter and good cause having been

demonstrated  a claim upon relief can be granted, <u>Rule</u> 4: 6-2 (e)  :

IT IS ON THIS  11th  DAY OF ~~December~~, April  ~~2018~~ 2019:

ORDERED, that  Alexander Nicolas ("Plaintiff") in above current legal

matter be granted a meet and confer in person or by telephone and to amended

complaint, cross-complaint, or answer current motions and objections by the

attorney of the defendants Mr. Mr. William J. Volonte.

-3-

ORDERED, that a true copy of this Order shall be served within seven (7) days of the date of receipt by the moving party, by depositing a true copy of the Order with the United States Postal Service, with first class mail postage, in an envelope, address to **THE LAW OFFICE OF GUTIERREZ & LATTIBOUDERE, LLC** who is acting law firm with the attorney William J. Volonte, Esq  who is the acting or preceding counsel for the Complaint against **Defendants Trenton Board of Education, Fredrick H. McDowell Jr,  and Lisa Johnson.**

**THE LAW OFFICE OF GUTIERREZ & LATTIBOUDERE, LLC**
**William J. Volonte, Esq**
**1037 Raymond Boulevard, Suite 900**
**Newark, NJ 07102**

Hon. Janetta D. Marbrey, JSC

OPPOSED   [  ]

UNOPPOSED  [X]

*There is no such requirement under New Jersey Court Rules.*

# EXHIBIT E

ALEXANDER NICOLAS
912 Parker St,
Langhorne, PA, 19047
(215) 808-0595
Email: info.arrecords@gmail.com
Pro-Se Process


ALEXANDER NICOLAS,                        :           CIVIL ACTION
VASHTI NICOLAS

Plaintiff,                                :

                                          :
v.                                        :

                                          :           SUPERIOR COURT OF
                                                      NEW JERSEY, LAW DIVISION
                                          :           MERCER COUNTY
TRENTON BOARD OF EDUCATION;               :
FREDRICK H. MCDOWELL JR
in his individual and official capacity;              :
LISSA JOHNSON in her individual
her individual and official capacity;                 :
in her individual and official capacity;  :           NO. L1718-18
DEFENDANTS JOHN DOE [1 – 10],             :
employees of Trenton Board of Education   :           ORDER GRANTING

                                          :

                                                      PLAINTIFF'S MOTION TO AMEND
                                          :           COMPLAINT TO REMOVE VASHTI
          Defendants.                     :           NICOLAS  AS PLAINTIFF AND
                                          :           FILE A SUPPLEMENTAL COMPLAINT


———————————————————

THIS MATTER, having been brought before the Court by Alexander Nicolas

("Plaintiff") in above current legal matter, by and through The Pro-Se process, for the Complaint

against Defendants Trenton Board of Education, Fredrick H. McDowell Jr, and Lisa Johnson,

and John Does 1-10, in the above captioned matter,  own behalf, by way of motion to

1

MER L 001718-18   05/06/2019   Pg 2 of 2   Trans ID: LCV2019800414

Case 3:19-cv-13050-FLW-DEA   04/02/2019ument 1   Filed 05/29/19   Page 36 of 65 PageID: 36
MER L-001718-18   04/02/2019   Pg 2 of 2   Trans ID: LCV2019599540

**PLAINTIFF'S MOTION TO AMEND COMPLAINT TO REMOVE VASHTI NICOLAS**

**AS PLAINTIFF AND FILE A SUPPLEMENTAL COMPLAINT** for failure to serve an

answer, including therein any counterclaim, within 35 days after service of the summons and

complaint on that defendant Rule 4:9-1. This petition to **PLAINTIFF'S MOTION TO**

**AMEND COMPLAINT TO REMOVE VASHTI NICOLAS AS PLAINTIFF AND FILE A**

**SUPPLEMENTAL COMPLAINT** can be honored by HONORARY JUDGE JANETTA D.

MARBREY, J.S.C who is the presiding judge having considered my argument as the

("Plaintiff") through the *Pro-Se Process* in above current legal matter and good cause having

been demonstrated a claim upon relief can be granted, Rule 4: 6-2 (e) :

IT IS ON THIS *6th* DAY OF *May*        2019:

**ORDERED**, that **PLAINTIFF'S MOTION TO AMEND COMPLAINT TO REMOVE**

**VASHTI NICOLAS AS PLAINTIFF AND FILE A SUPPLEMENTAL COMPLAINT** in

favor of the motion and application be granted; and it is further

**ORDERED**, that a true copy of this Order shall be served by Plaintiff s' through the *Pro-Se*

*Process* within seven (7) days of the date of receipt, by the moving party, by depositing a true

copy of the Order with the United States Postal Service, with first class mail postage, in an

envelope, address to William J. Volonte, Esq who is the acting or preceding counsel for the

Defendants.

HON. JUDGE JANETTA D. MARBREY, J.S.C

OPPOSED [ ]

UNOPPOSED [X]

Having reviewed the above motion, I find it
to be meritorious on its face and is
unopposed.   Pursuant to  R. 1:6-2 It
there'ore will be granted essentially for the
reasons set forth in the moving papers.

# EXHIBIT F

ALEXANDER NICOLAS
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: info.arrecords@gmail.com
Pro-Se Process

| | | |
|---|---|---|
| ALEXANDER NICOLAS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | SUPERIOR COURT OF |
| | : | NEW JERSEY, LAW DIVISION |
| TRENTON BOARD OF EDUCATION; | : | MERCER COUNTY |
| FREDERICK H. MCDOWELL JR | : | |
| in his individual and official capacity; | : | |
| LISSA JOHNSON in her individual | : | NO. L1718-18 |
| | : | |
| her individual and official capacity; | : | |
| in her individual and official capacity; | : | |
| DEFENDANTS JOHN DOE [1 – 10], | : | PLAINTIFF'S MOTION TO AMEND |
| employees of Trenton Board of Education | : | COMPLAINT AND FILE |
| | : | SUPPLEMENTAL COMPLAINT |
| Defendants. | : | |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT TO REMOVE VASHTI NICOLAS AS PLAINTIFF AND FILE A SUPPLEMENTAL COMPLAINT

## INTRODUCTION

Plaintiff ALEXANDER NICOLAS, respectfully request leave to amend and

supplement the Complaint in the above captioned case in accordance with **RULE 1:6.**

**MOTIONS AND BRIEFS IN THE TRIAL COURTS AND RULE 4:9.1 AMEND AND**

**SUPPLEMENTAL PLEADINGS.**

On February 22, 2016, there was an agreement between the Trenton Board of Education between the prior administration and the Plaintiff in a "amicably resolved" in good faith by the recommendation of Plaintiff prior attorney. Plaintiff prior attorney recommended to sign agreement under the pretence that the new administration of the Trenton Board of Education will consider Plaintiff for upcoming administrative positions. The current matter was settled at the State Court level. Since this agreement nothing has change and retaliation continues with the new administration. Please be advised that all claim in this new Complaint new states that all action made and taken by Defendants have been **done in a premeditated or planned in advance.** Defendant's conduct was done in furtherance of their own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious indifference to the consequences and with specific intent to harm. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial and sufficient to punish and deter Defendants from engaging in such conduct in the future. **Please be advised this is second time that Discrimination Complaint was filed against the defendants of the Trenton Board of Education.**

Plaintiff, Alexander Nicolas (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e). the EEOC verified the charge by conducting an investigation and issuing letter with the right to suit, pursuant to Rule 1:5-1(a).

The new Complaint was file on August 3, 2018 at 3:30 with the Rule Governing the Courts of the State of New Jersey, before the Superior Court of New Jersey, law

division, Mercer County, at the Mercer county Civil Courthouse, 175 South Broad Street, P. O. Box 8068, Trenton New Jersey 08650 by me, Alexander Nicolas ("Plaintiff") in the above current legal matter, by and through The Pro-Se process, for the Complaint against Defendants Trenton Board of Education, Fredrick H. McDowell Jr, and Lisa Johnson, and John Does 1-10, and **THE LAW OFFICE OF GUTIERREZ & LATTIBOUDERE, LLC** who is the law firm with attorney William J. Volonte, Esq who is the acting or preceding counsel for the Complaint against **Defendants Trenton Board of Education, Frederick H. McDowell Jr, and Lisa Johnson, and John Does 1-10** on docket No. **L1718-18.**

On November 21, 2018, I received a correspondence from the **THE LAW OFFICE OF GUTIERREZ & LATTIBOUDERE, LLC** who is acting law firm with the attorney William J. Volonte, Esq who is the acting or preceding counsel for the Complaint against Defendants Trenton Board of Education, Fredrick H. McDowell Jr, and Lisa Johnson, and John Does 1-10, with a **NOTICE OR MOTION TO DISMISS VASHTI NICOLAS AS A PLAINTIFF IN THE CASE WITH PREJUDICE** in an effort to address Dock. No. **L1718-18** on the following charges which are: **GENERAL ALLEGATIONS, (COUNT I RACIAL/NATIONAL ORIGIN DISCRIMINATION UNDER NJLAD), (COUNT II RETALIATION IN VIOLATION OF NJLAD – FAILURE TO PROMOTE/HIRE), (COUNT III AIDING AND ABETTING DISCRIMINATION BASED ON RETALIATION FOR THE FAILURE TO HIRE/PROMOTE), (COUNT IV RETALIATION IN VIOLATION OF NJLAD – PROMOTION DENIAL), AND (COUNT V AIDING AND ABETTING DISCRIMINATION BASED ON RETALIATION FOR PROMOTION BY NOT USING INTERVIEWING DETERMINATIVE FACTOR/ PRACTICE AND PROCEDURE OF NJLAD). SUPPLEMENTAL PLEADINGS ARE AS FOLLOW:**

**(COUNT VI- BREACH OF CONTRACT OF OF NJLAD); (COUNT VII- BREACH OF GUARANTY TERMS OF OF NJLAD)**

Please be advised that Plaintiff is not opposed to the dismissal of Vashti Nicolas as a Plaintiff in the above Complaint and therefore have remove her name and information from the above Complaint.

As the ("Plaintiff") on behalf of myself, by and through The Pro-se process, in the above current legal matter have an asserting claim by establishing that I am an individual that have been discriminated by a course of actions pertaining to the defendants of the Trenton Board of Education who are or where acting administrators in charge of the firing and hiring process of the school district alleged in the above current matter. Please note that all discrimination violations and actions where done in an intentional manner due to prior sign agreement or settlement February 22, 2016 which benefit the Trenton Board of Education. The current new claim file on August 3, 2018 introduces the new administrative positions applied for after settlement Agreement dated February 22, 2016. In addition, as the Plaintiff, I have an opportunity tol Case Dock. No. **L1718-18** Filed on August 3, 2018 to seek and Order to amend Complaint to move the current legal matter to towards discovery regarding the new claim, as the Court has stayed discovery.

Plaintiff Dr. Alexander Nicolas ("Plaintiff") on behalf of himself, by and through The Pro-Se process, for the Complaint against Defendants Trenton Board of Education, Fredrick H. McDowell Jr, and Lisa Johnson, and John Does 1-10, in the above captioned matter, states as follows:

Plaintiff brings this action pursuant to the New Jersey Law Against Discrimination ("NJLAD"), codified at N.J.S.A. 10.5-1, *et seq.*, against Defendants, Trenton Board of Education, Fredrick H. McDowell Jr, and Lissa Johnson, seeking legal relief for ethnic/racial discrimination, retaliatory/discriminatory, failure to promote/discriminatory, and practice and procedure/discriminatory in the hiring practices of Defendants. In addition, **RULE 4:9.1 AMEND AND SUPPLEMENTAL PLEADINGS** *supports that a responsive pleading is to be served. The above action has not been placed upon the trial calendar at any time within 90 days after was served. Therefore I, the Plaintiff in the above matter request to amend a pleading by a written consent of the attorney of the defendant or this Court. The Supplemental Pleadings introduces the breach of contract, validity of contract, and damages.*

## VENUE

1. Venue is proper in Mercer County pursuant to R. 4:3-2(a) because the Trenton Board of Education is located in Mercer County and the events giving rise to the claims in this complaint occurred in Mercer County.

## PARTIES

2. Plaintiff Dr. Alexander Nicolas is an adult male citizen of the United States of America residing at 912 Parker St., Langhorne, PA 19047. Plaintiff is a Spanish teacher in the Trenton School District. Plaintiff is of Panamanian national origin. Plaintiff is an employee of the Trenton Board of Education at all times relevant to this action.

3. Defendant Trenton Board of Education is a department of the City of Trenton and operates the schools of the Trenton School District in the City of Trenton, Mercer County, New

Jersey. Its administrative offices are located at 108 North Clinton Ave., Trenton, NJ 08609. The Trenton Board of Education was the employer of Plaintiff at all times relevant to this action.

4. Defendant Fredrick H. McDowell Jr., is the Superintendent of Schools for the Trenton Board of Education for the Trenton Board of Education. Dr. McDowell office is located at 108 North Clinton Ave., Trenton, NJ 08609.

5. Defendant Lissa Johnson was the Assistant Superintendent of Schools Human Resources for the Trenton Board of Education. Mrs. Johnson office was located at 108 North Clinton Ave., Trenton, NJ 08609 at the time of relevant action.

6. Defendants John Doe 1-10 are members of the Trenton Board of Education and work in the City of Trenton, Mercer County, New Jersey, whom on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff. "John Doe" is a pseudonym for each of the members of the Trenton Board of Education whose names are currently unknown to the Plaintiff.

## GENERAL ALLEGATIONS

7. Plaintiff is a Hispanic immigrant from Panama City, Republic of Panama

8. Plaintiff is a naturalized citizen of the United states of America

9. Plaintiff has achieved a Bachelor of Science degree, a Doctor of Philosophy degree, and a Master of Education degree.

10. Plaintiff holds certificates from the State of New Jersey to serve in the public schools of New Jersey as a Principal, School Administrator, and Supervisor. In addition, Plaintiff also holds certificates as a Principal for the State of Florida and Pennsylvania.

11.     The Trenton School District consists of twenty-two (22) schools and forty (40) principal or vice-principal positions.

12.     In the Trenton School District there are two (2) Hispanic Assistant Superintendent, three (3) or less Hispanic Principals,  and three (3) or less Hispanic Vice-Principals.

13.     Plaintiff has been an employee of the Trenton School District for twenty three (23) years. four (4) years as a long-term substitute teacher, sixteen (16) years as a teacher, and three (3) years as a  teacher-leader.

14.     Throughout his prior and current employment the Plaintiff's performance has been satisfactory

15.     Defendant Trenton Board of Education requires that applicants to open school administration positions include but are not limited to:

a.     a Masters degree in education

b.     a certificate from the State of New Jersey to be a School Administrator, Principal, and Supervisor. In addition, Plaintiff has to out of state principal certificates from Florida and Pennsylvania.

c.     teaching experience

d.     be interviewed

16.     Plaintiff is qualified for open administrative positions within the Trenton School District and has an extensive list of recommendations.

18.     Plaintiff applied for open administrative positions in 2011, 2012, 2013, 2014, 2015, 2016, and 2017 as follows:

a.     In 2017 Plaintiff applied for five (5) open administrative positions

b.     In 2016 Plaintiff applied for one (1) open administrative positions

c.     In 2015 Plaintiff applied for five (5) open administrative positions

d.    In 2014 Plaintiff applied for four (4) open administrative positions

f.    In 2013 Plaintiff applied for nine (9) open administrative positions

e.    In 2012 Plaintiff applied for nine (9) open administrative positions

g.    In 2011 Plaintiff applied for four (4) open administrative positions

18.    Plaintiff was not call or consider for an interview in any open school administrative positions in those years.

19.    Plaintiff was not hired for any open school administrative positions in those years.

20.    Defendant hired persons outside Plaintiff's protected class to fill the open positions.

21.    Defendant hired persons less qualified than Plaintiff to fill the open positions. These persons lack of qualifications included, but was not limited to:

a.    Failure to possess certificates from the State of New Jersey to serve as Principals, Supervisors or School Administrators.

b.    Lack of previous teaching or administrative experience

22.    Defendant hired persons without interviews, in violation of their stated hiring practices. While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for due to court legal battle. Plaintiff informed The Trenton Board of Education Assistant Superintendent of Human Resources Mrs. Lissa Johnson of the current legal matters but defendant never took the time to meet with Plaintiff after reaching out to her in writing. After settlement agreement dated February 22, 2016 Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles: (Posting # 3775 for school Principal at Grant Elementary on 7/15/2017), (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17),

and (3732 Supervisor Stem Elementary). Please be advised that Plaintiff was not call for an interview and was ignored throughout the entire time as I, Plaintiff in the current above matter made numerous effort to communicate with administrators as well as members of the school board regarding the unfair and discriminatory actions.

## FACTUAL BACKGROUND

23. In 2007, Plaintiff was sent as a Teacher Leader to run or operate as a school principal Daylight/Twilight 2006. Plaintiff was out of work for one year (2007-2008) due to work stress. As a result, Plaintiff filed complaint no. 530-2008-04019 with the Equal Employment Opportunity Commission in 2008, filing a complaint with the NJ Federal Court in 2010, and transferred filing NJ State Superior Court in 2011. Since filing all the appropriate paperwork the Discrimination continue to be intentionally and unlawful. In 2006, Plaintiff was sent as a Teacher/Leader to run the Daylight/Twilight YouthBuild campus.

24. The Daylight/Twilight program is located at Tucker St., Trenton, NJ 08618.

25. The position of Teacher/Leader is powerless as it could not make administrative decisions to restructure and run the school operation, or administrative decisions on staff placement.

26. Plaintiff repeatedly attempted to contact administration within the Trenton School District concerning issues presented at Daylight/Twilight concerning capabilities, resources and need for additional workers.

27. These issues included, but was not limited to:

a. Poor working conditions, teacher facilities, and teacher schedules

b. Constant physical and non-physical confrontations between Daylight/Twilight staff and students

c. Required write-ups about conferences attended outside Plaintiff's job description

d.    Security of the school campus from unlawful entering of persons

e.    Daylight/Twilight staff regarding report cards

f.    Fire in the school due to lack of personnel

g.    Students collapsing due to lack of nurse

28.    These attempts included, but was not limited to:

a.    Letters to prior administrators of the Trenton Board of Education, Superintendent, Assistant Superintendent, and Assistant Director of Human Resource, addressing issues he was facing at Daylight/Twilight in 2008. Subsequently, filing a complaint with the Equal Employment Opportunity Commission in 2008 charge no. 530-2008-04019 in 2008.

b.    Letters to the school board asking them to investigate the issues

29.    Plaintiff's attempts to contact the administration were repeatedly ignored and/or not taken seriously.

30.    Due to lack of response of the Trenton Board of Education, Plaintiff was required to take on several jobs, such as school security, guidance counselor, nurse, medical personnel, attendance officer, disciplinarian, secretary, social worker, substitute teacher, and principal without increase in pay or decision making authority.

31.    Subsequently in the 2008-2009 school year, the Trenton Board of Education eliminated the position of Teacher/Leader at Daylight/Twilight.

32.    As a result of Defendants actions, and/or lack of action, concerning the Daylight/Twilight program, Plaintiff developed physical, mental, and psychological issues which caused him to be hospitalized

33.    As a result of Defendants actions, and/or lack of action, concerning the Daylight/Twilight program and Plaintiffs concerns, Plaintiff was forced take a sick leave in the 2008-2009 school year.

34.     Subsequently, the Trenton Board of Education cancelled Plaintiffs medical insurance.

35.     As a result, Plaintiff filed complaint no. 530-2008-04019 with the Equal Employment Opportunity Commission in 2008.

36.     While applying for positions in 2010, Plaintiff informed the prior administrators and prior and current School Board Members of concerns that the administration has no intention to consider him for open administrative positions he is qualified for.

37.     On February 22, 2016, there was an agreement between the Trenton Board of Education between the prior administration and the Plaintiff in a "amicably resolved" in good faith by the recommendation of Plaintiff prior attorney. Plaintiff prior attorney recommended to sign agreement under the pretence that the new administration of the Trenton Board of Education will consider Plaintiff for upcoming administrative positions.  The current matter was settled at the State Court level. Since this agreement nothing has change and retaliation continues.

38.     Plaintiff,  has made several attempts included, but was not limited to:

a.   Letters to The Trenton Board of Education, Superintendent Dr. Frederic H. McDaniel who is the New Superintendent of School and took office in during the 2017-2018 school year, Assistant Superintendent Mrs. Lissa Johnson Assistant Superintendent of Human Resources who was in office for four (4) years, and other administrators as well as prior and current school board members, addressing issues the Plaintiff face at Daylight/Twilight and the Department of Human Resources for several years 2011-2018.

b.   Letters to the school board asking them to investigate the issues with the hiring and interview process and job promotion  as well as the prior and current retaliation that Plaintiff experience at the workplace. Plaintiff was ignored and

never got a verbal or written response from any representative of the Trenton Board of Education.

39.    Plaintiff, made several attempts but not limited to contact the members of the new and prior administration as well as the school board, and all written and verbal request was repeatedly ignored and/or not taken seriously letters (9/2/16), (8/11/17), (9/1/17), (9/7/17), (2/2/17), and (6/22/17).

40.    While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for due to current and prior court litigation. Plaintiff informed The Trenton Board of Education Assistant Superintendent of Human Resources Mrs. Lissa Johnson of the current legal matters but the defendant never took the time to meet with Plaintiff after reaching out to her in writing.

41.    Subsequently, the Trenton Board of Education continued to retaliate against Plaintiff. As a result, of all the unfair practice in the past and current, the Plaintiff filed a new complaint no. 530-2017-03784 with the Equal Employment Opportunity Commission in September of 2017. Please be advise that Plaintiff, Alexander Nicolas (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e). the EEOC verified the charge by conducting an investigation and issuing letter with the right to suit, pursuant to Rule 1:5-1(a). The new Complaint was file on August 3, 2018 with the Rule Governing the Courts of the State of New Jersey, before the Superior Court of New Jersey, law division, Mercer County, at the Mercer county Civil Courthouse, 175 South Broad Street, P. O. Box 8068, Trenton New Jersey 08650 by me, Alexander Nicolas ("Plaintiff") in the

above current legal matter, by and through The Pro-Se process, for the Complaint against Defendants Trenton Board of Education, Fredrick H. McDowell Jr, and Lisa Johnson, and John Does 1-10, and **THE LAW OFFICE OF GUTIERREZ & LATTIBOUDERE, LLC** who is the law firm with attorney William J. Volonte, Esq who is the acting or preceding counsel for the Complaint against **Defendants Trenton Board of Education, Frederick H. McDowell Jr, and Lisa Johnson, and John Does 1-10** on docket No. **L1718-18.** After settlement agreement dated February 22, 2016 Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles: (Posting # 3775 for school Principal at Grant Elementary on 7/15/2017), (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary). Please be advised that Plaintiff was not call for an interview and was ignored throughout the entire time as I, Plaintiff in the current above matter made numerous effort to communicate with administrators as well as members of the school board regarding the unfair and discriminatory actions.

<u>COUNT I</u>
¿RACIAL/NATIONAL ORIGIN DISCRIMINATION UNDER NJLAD

42. Plaintiff hereby repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. By and through their course of conduct as alleged herein, Defendants discriminated against Plaintiff by failing or refusing to hire him for open school administration positions throughout the district, he is otherwise qualified for, on the basis of his race and/or national origin in violation of NJLAD.

44. Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

45. Defendants' actions resulted in Plaintiff being subject to disparate treatment based on his race and/or national origin. Defendant refused to hire Plaintiff because he is Hispanic and/or because his is of Panamanian national origin.

46. Any other reason given is pretext.

47. Even if the reasons given is pretext or properly considered, the actions are still challengeable under NJLAD for the reasons set forth above, and the defendants is still answerable in punitive damages for the reasons set forth above.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering. After settlement agreement dated February 22, 2016 Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles: (Posting # 3775 for school Principal at Grant Elementary on 7/15/2017), (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special

Education 11/04/17), and (3732 Supervisor Stem Elementary). Please be advised that Plaintiff was not call for an interview and was ignored throughout the entire time as I, Plaintiff in the current above matter made numerous effort to communicate with administrators as well as members of the school board regarding the unfair and discriminatory actions.

**WHEREFORE,** the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable. Defendant's conduct was done in furtherance of their own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious indifference to the consequences and with specific intent to harm. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial and sufficient to punish and deter Defendants from engaging in such conduct in the future. **Please be advised this is the second time that Discrimination Complaint has been filed against the defendants of the Trenton Board of Education and the Trenton Board of Education.**

## COUNT II
### RETALIATION IN VIOLATION OF NJLAD – FAILURE TO PROMOTE/HIRE

50.     Plaintiff hereby repeats and realleges paragraphs 1 through 49 as though fully set forth herein.

51.     By and through their course of conduct as alleged herein, Defendants retaliated against Plaintiff for using the administrative process to voice his concerns over the Daylight/Twilight

positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for due to prior of after court litigation.   After settlement agreement Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles:  (Posting # 3775 for school Principal at Grant Elementary on 7/15/2017),  (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary). Please be advised that Plaintiff was not call for an interview.

52.     Defendants refused to promote/hire Plaintiff as a result of using the administrative process to voice his concerns over the Daylight/Twilight program.

53.     Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

54.     Any other reason given is pretext.

55.     Even if the reasons given is pretext or properly considered, the actions are still challengeable under NJLAD for the reasons set forth above, and the defendants is still answerable in punitive damages for the reasons set forth above.

56.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

57.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

WHEREFORE, the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages,

pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable. After settlement agreement dated February 22, 2016 Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles: (Posting # 3775 for school Principal at Grant Elementary on 7/15/2017), (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary). Please be advised that Plaintiff was not call for an interview and was ignored throughout the entire time as I, Plaintiff in the current above matter made numerous effort to communicate with administrators as well as members of the school board regarding the unfair and discriminatory actions.

<u>COUNT III</u>
AIDING AND ABETTING DISCRIMINATION BASED ON RETALIATION FOR THE FAILURE TO HIRE/PROMOTE
(As to Defendants Frederick H. McDowell Jf, and Lissa Johnson)

58.    Plaintiff hereby repeats and realleges paragraphs 1 through 57 as though fully set forth herein.

59.    The foregoing facts and circumstances demonstrate that defendants Frederick H. McDowell Jf, and Lissa Johnson aided and abetted Defendant Trenton Board of Education's retaliation against Plaintiff on the basis of Plaintiff's status as complainer regarding deficiencies, in violation of the NJLAD.

60.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

61.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering. After settlement agreement dated February 22, 2016 Plaintiff applied for several

administrative positions (6) with the following dates, location, and job titles:  **(Posting # 3775 for school Principal at Grant Elementary on 7/15/2017),  (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary).** Please be advised that Plaintiff was not call for an interview and was ignored throughout the entire time as I, Plaintiff in the current above matter made numerous effort to communicate with administrators as well as members of the school board regarding the unfair and discriminatory actions.

**WHEREFORE,** the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable. Defendant's conduct was done in furtherance of their own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious indifference to the consequences and with specific intent to harm. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial and sufficient to punish and deter Defendants from engaging in such conduct in the future.

**Please be advised this is the second time that Discrimination Complaint has been filed against the defendants of the Trenton Board of Education and the Trenton Board of Education.**

**Please be advised this is second time that Discrimination Complaint was filed against the defendants of the Trenton Board of Education.**

COUNT IV

62. Plaintiff hereby repeats and realleges paragraphs 1 through 61 as though fully set forth herein.

63. By and through their course of conduct as alleged herein, Defendants retaliated against Plaintiff for using the administrative process to voice his concerns over the Daylight/Twilight program and for filing a complaint with the EEOC in violation of NJLAD.

64. While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for due to court legal battle and after settlement agreement sign on February 22, 2016. Plaintiff informed The Trenton Board of Education Assistant Superintendent of Human Resources Mrs. Lissa Johnson of the current legal matters but defendant never took the time to meet with Plaintiff after reaching out to her in writing. In addition, Mr. Johnson continue to ignore correspondence made regarding administrative pool and other issues. After settlement agreement dated February 22, 2016,  Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles:  (Posting # 3775 for school Principal at Grant Elementary on 7/15/2017),  (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary). Please be advised that Plaintiff was not call for an interview.

65. Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

66. Any other reason given is pretext.

67. Even if the reasons given is pretext or properly considered, the actions are still challengeable under NJLAD for the reasons set forth above, and the defendants is still answerable in punitive damages for the reasons set forth above.

68.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

69.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering. After settlement agreement dated February 22, 2016 Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles:  **(Posting # 3775 for school Principal at Grant Elementary on 7/15/2017),  (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary).** Please be advised that Plaintiff was not call for an interview and was ignored throughout the entire time as I, Plaintiff in the current above matter made numerous effort to communicate with administrators as well as members of the school board regarding the unfair and discriminatory actions.

**WHEREFORE**, the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable. Defendant's conduct was done in furtherance of their own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious indifference to the consequences and with specific intent to harm. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial and sufficient to punish and deter Defendants from engaging in such conduct in the future.

**Please be advised this is the second time that Discrimination Complaint has been**

filed against the defendants of the Trenton Board of Education and the Trenton Board of Education.

## COUNT V
### AIDING AND ABETTING DISCRIMINATION BASED ON RETALIATION FOR PROMOTION BY NOT USING INTERVIEWING DETERMINATIVE FACTOR/ PRACTICE AND PROCEDURE

(As to Defendants As to Defendants Frederick H. McDowell Jf, and Lissa Johnson)

70.     Plaintiff hereby repeats and realleges paragraphs 1 through 69 as though fully set forth herein.

71.     The foregoing facts and circumstances demonstrate that defendants as to Defendants Frederick H. McDowell Jf, and Lissa Johnson aided and abetted Defendant Trenton Board of Education's retaliation against Plaintiff on the basis of Plaintiff' status as complainer regarding deficiencies, in violation of the NJLAD. The current and prior administrative leadership have establish a pattern of retaliation against the Plaintiff filing a complaint with the EEOC, in violation of NJLAD in 2008 and 2017. While applying for positions in 2011, 2012, 2013, 2014, 2015, 2016 and 2017, The Trenton Board of Education never considered interviewing Plaintiff for any jobs that Plaintiff applied for. After settlement agreement dated February 22, 2016, Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles: (Posting # 3775 for school Principal at Grant Elementary on 7/15/2017), (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary). Please be advised that Plaintiff was not call for an interview.

72. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer economic loss and job detriment.

73. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

**WHEREFORE,** the Plaintiff prays for the following damages and relief against the Defendants jointly, severally and in the alternative, judgment in favor of Plaintiff and against Defendants, compensatory damages, equitable back-pay, equitable front-pay, punitive damages, pre-judgment interest, attorneys fees, cost of suit and such additional relief as this court deems just and equitable. Defendant's conduct was done in furtherance of their own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious indifference to the consequences and with specific intent to harm. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial and sufficient to punish and deter Defendants from engaging in such conduct in the future.

## SUPPLEMENTAL PLEADINGS

### COUNT VI
### BREACH OF CONTRACT

74. On February 22, 2016, the Plaintiff enter an agreement between the Trenton Board of Education between the prior administration to settle prior Discrimination Lawsuit file in the NJ State Superior Court on 2011 **Dock No MER-L-2947-11.** The Plaintiff settle in a "amicably resolved" in good faith by the recommendation of Plaintiff prior attorney. Please be advised that no change since signed agreement and all above and mention pleadings continued

75. The Agreement is a valid and enforceable contract signed by Plaintiff on February 27, 2018 and was sign and approve by the Trenton Board of Education on February 22, 2016. Under page 4., section **4. CONSIDERATION (5) ENFORCES THE AGREEMENT THAT (5) The Parties agree not to retaliate against each other based on any of the allegations involved in this Agreement or as a result of settling the claims in the Complaint.** The current Complaint incorporates by reference the allegation contained in paragraph 1 through 57 as if set forth verbatim herein. Defendants as well as all school board members who unanimous voted to approve such settlement were notified of existing agreement on September 1, 2016.

76. Plaintiff has fully performed or tendered all performance required in the Agreement.

77. Defendants has breached its obligations Plaintiff as set forth in the Agreement by failing to accurately refrain from retaliating against Plaintiff who provide information as part of an employer's investigation of alleged discrimination and file several Complaints with the EEOC and State Courts under Title VII's. Please be advised that the current provision of Title VII's Discrimination and the the Supreme Court holds in anti-retaliation provision to protect individuals who provide information as part of an employer's investigation of alleged discrimination. Please be advised that all actions on part of the Defendants have and continue to be premeditated and intional.

78. Defendants has also breach the implied covenant of good faith and fair dealing By acting to deprive Plaintiff of the benefits of administrative promotion and monetary benefits, etc.

79. Plaintiff is entitled to recover damages resulting from Defendants reencouring actions in an effort to violates Plaintiff Civil Rights in accordance with the **NJLAD** and Title VII retaliation provision of the Civil Rights **Act of 1964.** After settlement agreement dated February 22, 2016 Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles: **(Posting # 3775 for school Principal at Grant Elementary on 7/15/2017), (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary).** Please be advised that Plaintiff was not call for an interview and was ignored throughout the entire time as I, Plaintiff in the current above matter made numerous effort to communicate with administrators as well as members of the school board regarding the unfair and discriminatory actions.

## COUNT VII

## BREACH OF GUARANTY

80. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 51as if set forth verbatim herein.

81. Defendants violated guaranteed warrant, pledge, or formal assurance given as security that obligation will be fulfilled on settlement date February 22, 2016.

82. Pursuant to the terms of Guaranty or settlement relied on both parties. The Defendants are liable for failure to perform and conduct a fair hiring and screening process for administrative jobs Plaintiff applied for after settlement agreement dated February 22, 2016.

83. Plaintiff had a right to expect full and fair communications from the Defendants regarding parties relationship under the Agreement and the parties adherence to the obligations set for in the Agreement or settlement date February 22, 2016.

84. Defendants intentionally failed to disclose and therefore actively concealed from retaliating against Plaintiff in a premeditated and intentional manner.

85. Defendants conduct was done intentionally, with malice, and for the purpose of depriving Plaintiff from job promotion in an effort to humiliate him.

86. Defendants failed to provide Plaintiff agreed documents in settlement Agreement dated February 22, 2018. After settlement agreement dated February 22, 2016 Plaintiff applied for several administrative positions (6) with the following dates, location, and job titles: (Posting # 3775 for school Principal at Grant Elementary on 7/15/2017), (Posting# 3776 for Robbins/Robbins Annex on 7/15/17), (Posting 3704 school Principal District Wide on 7/7/17), (3705 Principal-Focus and Priority School District Wide 7/7/17), (3549 Supervisor of Special Education 11/04/17), and (3732 Supervisor Stem Elementary). Please be advised that Plaintiff was not call for an interview and was ignored throughout the entire time as I, Plaintiff in the current above matter made numerous effort to communicate with administrators as well as members of the school board regarding the unfair and discriminatory actions.

86. Defendant's conduct was done in furtherance of their own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious indifference to the consequences and with specific intent to harm. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial and sufficient to punish

and deter Defendants from engaging in such conduct in the future. **Please be advised**

**this is the second time that Discrimination Complaint has been filed against the**

**defendants of the Trenton Board of Education and the Trenton Board of**

**Education.**



Respectfully Submitted,

BY:

DR. ALEXANDER NICOLAS
*Pro-Se Process*

Alexander Nicolas
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: *info.arrecords@gmail.com*

Dated: December 7, 2018

JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to Rules 1:8-2(b) and 4:35-1(a).

Respectfully Submitted,

BY:

DR. ALEXANDER NICOLAS
Pro-Se Process

Alexander Nicolas
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: info.arrecords@gmail.com

Dated: December 7, 2018

## DESIGNATION OF TRIAL COUNSEL

Dr. Alexander Nicolas, Pro-Se Process, is hereby designated as trial counsel in this matter, pursuant to Rule 1:5-1(a).

Respectfully Submitted,

BY:

DR. ALEXANDER NICOLAS
Pro-Se Process

Alexander Nicolas
912 Parker St,

(267) 981-6276
Email: info.arrecords@gmail.com

Dated: December 7, 2018

## CERTIFICATION

I hereby certify, pursuant to Rule 1:5-1(a), that I am  Dr. Alexander Nicolas ("Plaintiff") on behalf of myself, by and through The Pro-Se process in the State of New Jersey and that to the best of my knowledge, this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated at this time.

In addition, the undersigned recognizes the continuing obligation to file and serve on all parties and the court an amended complaint if there is a change in the facts stated in the original certification.

BY

DR. ALEXANDER NICOLAS
Pro-Se Process

Alexander Nicolas
912 Parker St,
Langhorne, PA, 19047
(267) 981-6276
Email: alexandern169@gmail.com

Dated: August 3, 2018